Per Curiam.

The basic issue in this case is whether the trial court, by refusing to allow petitioner to withdraw his guilty pleas, so deprived him of his rights as to constitute grounds for release by habeas corpus.
As to change of plea, Section 2943.03, Revised Code, provides in part as follows:
“The court may, for good cause shown, allow a change of plea at any time before the commencement of the trial.”
The question raised by this section is whether the trial court abused its discretion. In the present case, petitioner was represented by counsel of his own choosing throughout the proceedings. This is not a case where an accused is rushed into a plea without counsel. Petitioner in the first instance pleaded not guilty, then some weeks later changed his pleas to guilty and subsequently attempted to again change his pleas to not guilty. The court on this motion gave petitioner a complete hearing, the testimony covering some 50 pages of a transcript Prom this hearing, the court determined that no promises or inducements were offered petitioner to change his pleas to guilty, and the transcript shows that, after such change, petitioner admitted his guilt to three different court officers.
The allowance of a change of plea is within the sound discretion of the trial court, and, although such discretion should be liberally exercised in favor of the accused, it does not appear in the present situation that there was any abuse of discretion by the trial court. 4 Wharton’s Criminal Law and Procedure, 777, Section 1908.
*192 The petitioner urges that he was deprived of his constitutional rights by not having a preliminary hearing. It is his contention that failure to afford a preliminary hearing deprives an accused of being able to confront the state’s witnesses and lay evidence before the court as to the degree of accused’s guilt and deprives him of other constitutional rights. Such is not the purpose of the preliminary hearing. It is only to determine whether sufficient evidence exists to warrant binding an accused over to the grand jury to determine whether formal charges shall be placed against him. No rights or defenses are lost from a failure to have a preliminary hearing. In this respect, petitioner has been deprived of no constitutional right. Once an indictment has been returned, a plea to such indictment waives any right the accused has to a preliminary hearing. Annotation, 116 A. L. R., 550 ; 4 Wharton’s Criminal Law and Procedure, 290, Section 1619.
Petitioner’s next contentions relate to his having been deprived of a jury trial and confrontation of witnesses. These are both matters which are incident to a trial, and petitioner by his plea of guilty waived all such rights. Craig v. State, 49 Ohio St., 415; Norton v. Green, Supt., 173 Ohio St., 531; and Doughty v. Sacks, Warden, 173 Ohio St., 407.
In the course of his hearing, petitioner raised the question that he was deprived of a speedy trial. Although the right to a speedy trial is provided by the Constitution for all persons accused of crimes, such right must be urged, and the failure to so urge it will constitute a waiver thereof. State v. Cunningham, 171 Ohio St., 54. According to the petitioner’s own statement he was represented by counsel shortly after his arrest. If he or his attorney felt that trial was being unduly delayed, remedies were available to secure this right. There is no evidence that any such steps were taken.
Petitioner has shown no deprivation of any of his constitutional rights nor any lack of jurisdiction of the trial court.

Petitioner remanded to custody.

Taet, C. J., Zimmerman, Matthias, O’Neill, Grieeith, Herbert and Gibson, JJ., concur.